UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN W. ODEN, JR., | ) | CASE NO. 5:14cv1981 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Bryan W. Oden, Jr. filed this action under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e, against PNC Bank, National Association ("PNC"). In the complaint, plaintiff alleges he was wrongfully terminated from his employment with PNC. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

**I. BACKGROUND**

Plaintiff's complaint is very brief and contains few factual allegations. In pertinent part, it states:

> On 12 March 2013 I Bryan W. Oden, Jr., after 3 years of service, was wrongfully terminated by PNC Bank, N.A. due to the bias of the investigation performed. I was restricted from defending myself during the entire investigation. The statements and responses from (PNC Bank) presented were

fraudulent, unethical, and unjust in regards to the investigation.

(Doc. No. 1 [complaint] at 1).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 10 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990); *see also Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955, 16 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

Plaintiff's complaint fails to state a claim upon which relief may be granted. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (citations omitted). Plaintiff asserts no factual allegations in his complaint. His pleading is stated entirely as a legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory § 1983 claim dismissed).

The Court is aware that plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Nevertheless, the Supreme Court clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Lousiville Tractor, Inc.*, 650

3

F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's complaint never rises above the speculative level. The Court is left to guess as to the reason for his termination and whether that reason is one of the criteria prohibited by Title VII. "Title VII is not 'a general civility code for the American workplace' and prohibits discrimination only on the basis of race, religion, gender or national origin. *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 533 U.S.75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998)). As written, plaintiff's complaint indicates he was fired from his employment based on the results on an investigation. Those limited allegations are not sufficient to state a claim for relief under Title VII.

Finally, PNC is not subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the U.S. Constitution or federal laws. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Generally, to have acted "under color of state law," the defendant must be a state or local government official or employee. PNC is not a government entity; it is a private corporation. A private party may be found to have acted under color of state law to establish the first element of this cause of action when the party "acted together with or has obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937, 102 S. Ct. 449, 42 L. Ed. 2d 482 (1982). A private party may also be considered to be a state actor if the party exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Plaintiff does not

allege any facts to suggest PNC should be treated as a state actor for purposes of § 1983.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 3, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5